## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-00212-TWP-TAB |
| | ) | |
| JAMES BURKHART (01), | ) | |
| DANIEL BENSON (02), | ) | |
| STEVEN GANOTE (3), and | ) | |
| JOSHUA BURKHART aka Justin Barnes (04) | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS
## COUNTS 3, 13, AND 14 THROUGH 22 OF THE INDICTMENT

This matter is before the Court on a Motion to Dismiss Counts 3, 13, and 14 through 22 of

the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), filed jointly by

Defendants James Burkhart ("Burkhart"), Daniel Benson ("Benson"), Steven Ganote ("Ganote"),

and Joshua Burkhart a/k/a Justin Barnes ("Barnes") (collectively, "Defendants") (Filing No. 67).

In a thirty-two count Indictment, the Defendants are charged with violating 18 U.S.C. § 1349

(conspiracy to commit mail, wire, and health care fraud), 18 U.S.C. §§ 1341 and 1343 (mail and

wire fraud), 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b) (conspiracy to violate anti-kickback

statute), and 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957 (money laundering).  The Defendants ask the

Court to dismiss Count 3-Wire Fraud, Count 13-Conspiracy to Violate the Anti-Kickback Statute,

and Counts 14 through 22-Money Laundering, because the allegations for these Counts are not

plain, concise, or definitive.  For the following reasons, the Court **DENIES** the Defendants'

Motion to Dismiss.

# I.    LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge the legal sufficiency of an indictment or information for lack of specificity or failure to state an offense, among other things.  Rule 12(b)(3)(B) provides an avenue for defendants to seek dismissal of the indictment or dismissal of specific criminal counts.  "Indictments are reviewed on a practical basis and in their entirety, rather than in a hyper-technical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citation and quotation marks omitted).  "An indictment is reviewed on its face, regardless of the strength or weakness of the government's case." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). The allegations in an indictment are accepted as true.  *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009).

An indictment "that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *White*, 610 F.3d at 958–59.  An indictment is legally sufficient if it (1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges against him so that he may prepare a defense, and (3) allows the defendant to assert the judgment as a bar to future prosecutions for the same offense. *Smith*, 230 F.3d at 305.  To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment does not satisfy one or more of these three requirements and that he will suffer prejudice from the alleged deficiency.  *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir. 2009).  "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (citation and quotation marks omitted).

## II. **DISCUSSION**

The Defendants argue that Counts 3, 13, and 14 through 22 of the Indictment "fall far short of pinning down the specific conduct at issue" to adequately inform them of the nature of the charges against them to allow them to prepare a defense (Filing No. 67 at 2). They explain Criminal Rule 7(c)(1) requires that an "indictment or information must [include] a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Id.* (*quoting* F.R.C.P. 7(c)(1)). The Defendants note that they have the "right to be informed of the charges against [them] and [the] right to be free from conviction without notice and without having meaningful opportunity to defend." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013). They contend that Counts 3, 13, and 14 through 22 lack sufficient factual information to allow them to prepare for trial and to assert that the results of the trial in this case bar future prosecution for the same conduct. Asserting that these Counts are not plain, concise, or definitive, the Defendants argue that the Court must dismiss them.

In response the Government asserts the Indictment is legally proper and sufficiently detailed to inform the Defendants of the charges against them, and their argument to the contrary are meritless. The Government argues that the Defendants have acknowledged in previous motions to continue that they recognize "the nature and extent of the charges," (Filing No. 51 at 4), and they have been "active in gathering documentary evidence from numerous record holders for use in their defense," (Filing No. 60 at 4), thereby undermining the Defendants' argument that they don't understand the charges and cannot prepare a defense. The Government contends it has gone "above and beyond its obligations" in discovery, which has assisted the Defendants in preparing their defense (Filing No. 71 at 1–2).

**A.** __Count 3__

The Defendants assert that Count 3 (wire fraud) against Burkhart is fatally flawed because it is based on an alleged interstate telephone conversation between Burkhart and David Mazanowski ("Mazanowski") at a time when Mazanowski was cooperating with the Government's investigation. To prove a charge of wire fraud, it must be shown that the wire communication was "in furtherance" of the scheme, citing *United States v. Weimert*, 819 F.3d 351, 355 (7th Cir. 2016). Pointing to *United States v. Tanner*, 628 F.3d 890, 906 (7th Cir. 2010) and *United States v. Villasenor*, 664 F.3d 673, 682 (7th Cir. 2011), The Defendants argue that a person cannot conspire with an individual who is cooperating with the Government, and a statement by an individual cooperating with the Government is not a statement by a conspirator. "Because the cooperating individual is not a conspirator, when cooperating with the government, statements by the cooperating individual are not in furtherance of the conspiracy." ([Filing No. 67 at 3](.).) Specifically, the Defendants assert that, because Mazanowski was cooperating with the Government in August 2015, the alleged telephone conversation between he and Burkhart could not have been in furtherance of any scheme and cannot support a wire fraud charge. They assert this is especially true because Mazanowski initiated the alleged telephone call at the Government's request and under its guidance.

The Government contends that this argument is based on the false premise that a wire communication with a government cooperator cannot support a wire fraud charge. The Government points out that Count 3 charges wire fraud, not conspiracy, and the Defendants have incorrectly conflated conspiracy with wire fraud, so their conspiracy related cases upon which they rely are inapposite.

"[M]ailings or telephone calls made or induced by government agents can support a mail or wire fraud conviction." *United States v. Keats*, 937 F.2d 58, 64 (2d Cir. 1991); *see also United States v. Anderson*, 809 F.2d 1281, 1287–88 (7th Cir. 1987) (rejecting argument that a mailing initiated by government informant could not stand as the basis for a mail fraud conviction). Additionally, "courts have flatly rejected the argument that the use of a government agent in a telephone call with the defendant makes the offense of wire fraud legally impossible." *United States v. Scully*, 170 F. Supp. 3d 439, 461–62 (E.D.N.Y. 2016) (citing *United States v. Abdallah*, 840 F. Supp. 2d 584, 608 (E.D.N.Y. 2012); *United States v. Hammond*, 598 F.2d 1008, 1010 (5th Cir. 1979); *United States v. Sanders*, 893 F.2d 133, 138 (7th Cir. 1990)). The Court agrees that the Defendants' argument is legally incorrect.

The wire fraud statute, 18 U.S.C. § 1343, requires that a defendant,

> devised or intend[ed] to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses . . . [and] transmit[ed] or cause[d] to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

The allegations supporting Count 3 track the language of the statute and provide sufficient factual detail to apprise the Burkhart of the charges against him. The Indictment is legally and factually sufficient regarding Count 3.

Regarding the Defendants' argument that Burkhart's telephone call could not have been in furtherance of the scheme, the Court notes that the Defendants distinguish this case from *Keats* (upon which the Government relies); however, the distinction regarding "manufacturing federal jurisdiction" by a government initiated telephone call is not determinative of this Motion. The Defendants' assertion that the telephone call must be reasonably foreseeable as furthering the scheme also does not help their argument because they do not explain how such "requirement"

5

was not met here.  They simply refer back to their original argument that statements from a co-conspirator, who at the time of the telephone call is cooperating with the Government, cannot be in furtherance of the scheme.

The Government's arguments concerning wire fraud and a separate charge of conspiracy are well taken.  Count 3 charges wire fraud against Burkhart, not conspiracy.  Many cases, some of which are cited above, have held that government-induced telephone calls can support a wire fraud charge.  As another district court noted, "[I]n order to satisfy the elements of wire fraud, it is the *defendant's* intent that is relevant, not the co-conspirator's intent."  *Scully*, 170 F. Supp. 3d at 462 (citation and quotation marks omitted).  The allegations in the Indictment support the charge of wire fraud against Burkhart in Count 3.  Therefore, the Defendants' Motion to Dismiss Count 3 of the Indictment is **denied**.

**B.**     **Count 13**

Next, the Defendants assert that Count 13 (conspiracy to violate anti-kickback statute) against Burkhart, Benson, and Ganote also is fatally flawed because the allegation is pled using "or" in the disjunctive, which does not give them sufficient certainty to know what conduct exposes them to criminal liability.  The Indictment charges the Defendants with conspiring to violate 42 U.S.C. § 1320a-7b(b)(1)(A) or 42 U.S.C. § 1320a-7b(b)(1)(B).  Quoting from paragraph 64 of the Indictment, the Defendants assert the allegation that they "conspired to solicit and receive kickbacks 'in return for their referral of patients for the furnishing and arranging for the furnishing of services, *or* for their purchase of goods and services . . .'" is insufficient because of its disjunctive nature (Filing No. 67 at 4).

The Defendants rely on *United States v. Donovan*, where the Seventh Circuit held, "an indictment which charges the accused, in the disjunctive, with being guilty of one or of another of

several offenses, is destitute of the necessary certainty, and is wholly insufficient." 339 F.2d 404, 408 (7th Cir. 1964). *See also United States v. Cox*, 536 F.3d 723, 727 (7th Cir. 2008) ("An indictment that . . . allege[s] several acts in the disjunctive would fail to give the defendant notice of the acts he is charged with committing."). The anti-kickback statute's use of "or" indicates that a conviction may arise from a violation of either § 1320a-7b(b)(1)(A) or § 1320a-7b(b)(1)(B), and "[w]here there are several ways to violate a criminal statute, . . . federal pleading requires . . . that an indictment charge in the conjunctive to inform the accused fully of the charges." *United States v. McDonough*, 56 F.3d 381, 390 (2d Cir. 1995) (citations and quotation marks omitted).

The Defendants argue that they have no certainty regarding the disjunctive charges under Count 13 and they do not know whether they are alleged to have conspired to violate 42 U.S.C. § 1320a-7b(b)(1)(A) or to have conspired to violate 42 U.S.C. § 1320a-7b(b)(1)(B). This uncertainty, they contend, requires dismissal of the Count.

The Government responds that the allegations and charges in Count 13 are sufficiently clear to provide notice to the Defendants that they are being charged with violating both prongs of the anti-kickback statute, not one or the other. The Government suggests that the Defendants' argument demands a hyper-technical reading of only one word in isolation from the remainder of the Indictment; this is not the proper standard for reviewing an indictment on a motion to dismiss. The Government notes, the Court "should consider the challenged count as a whole and should refrain from reading it in a hypertechnical manner." *United States v. Mosley*, 786 F.2d 1330, 1334 (7th Cir. 1986). Count 13 spans twenty paragraphs, and it specifically refers to Paragraphs 67, 68, 69, and 70 to show that the Indictment clearly gives specific examples of violations of the anti-kickback statute under both prongs—"referral of patients" and "purchase of goods and services"—

of the statute. The Government argues the Indictment is sufficiently clear to give the Defendants adequate notice that Count 13 charges them under any prong of the anti-kickback statute.

The Court again notes that "[i]ndictments are reviewed on a practical basis and in their entirety, rather than in a hyper-technical manner," *Smith*, 230 F.3d at 305, and "[t]he test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Hausmann*, 345 F.3d at 955. These minimal standards require that an indictment state all the elements of the crime charged, adequately inform the defendant of the nature of the charges against him so that he may prepare a defense, and allow the defendant to assert the judgment as a bar to future prosecutions for the same offense.

In their reply, the Defendants emphasize that the thrust of their argument is that disjunctive allegations fail to give a defendant notice of the acts he is charged with committing. But there can be no confusion regarding the acts the Defendants are alleged to have committed, for which they are now being criminally prosecuted. Paragraphs 67, 68, 69, and 70 of the Indictment specifically describe acts allegedly committed. Those paragraphs do not allege that the Defendants committed either "this" or "that" act, but rather all the acts alleged in the paragraphs, and those paragraphs clearly and unequivocally convey to the Defendants that they are being prosecuted under both prongs of the anti-kickback statute for soliciting kickbacks for the referral of patients and the purchase of goods and services. A practical reading of the Indictment in its entirety reveals that Count 13 is not limited to acts of referring patients "or" purchasing of goods and services, but rather, it includes both. The Indictment satisfies the minimal constitutional standard of giving notice to the Defendants of the acts they are charged with committing. Thus, the Court **denies** the Defendants' Motion to Dismiss Count 13 of the Indictment.

C.     **Counts 14 through 22**

Finally, the Defendants assert that Counts 14 through 22 (money laundering) against Burkhart, Benson, Ganote, and Barnes are factually deficient to provide adequate notice to the Defendants. These Counts allege Defendants conducted or attempted to conduct "a financial transaction affecting interstate commerce . . . which involved proceeds of [one of several] specified unlawful activit[ies]," as set out specifically in a table in the Indictment (Filing No. 67 at 5). The table then lists a "payment" and a "bank" account for each individual Count.

The Defendants argue that "financial transaction" has multiple meanings under the money laundering statute, 18 U.S.C. § 1956(c)(4), and the "Transaction" column on the table in the Indictment refers to a "payment" but fails to indicate whether the payment involves the movement of funds by wire or other means, a monetary instrument, or a financial institution engaged in interstate commerce.  Thus, the Defendants assert they have no certainty regarding the allegations and how to defend against the allegations under the multiple meanings of a "financial transaction." They assert that they are entitled to know the specific factual bases of each Counts to determine what "financial transaction" is charged.  The Defendants advance a similar argument concerning the two statutory definitions of a "financial institution" and that the Indictment does not provide a sufficient factual basis to determine what definition applies.  They assert that the Indictment fails to allege that any of the "banks" referred to in Counts 14 through 22 are "financial institutions" within the meaning of the statute, and the Indictment fails to allege the location of any of the "banks," whether they are within or outside the state of Indiana.

The Government responds that Paragraph 85 introduces the money laundering charges, and tracks the statutory language of 18 U.S.C. § 1956(a)(1)(B)(i). "It is generally acceptable for the indictment to 'track' the words of the statute itself, so long as those words expressly set forth all

the elements necessary to constitute the offense intended to be punished." *Smith*, 230 F.3d at 305. The Government is not required to allege in the Indictment all the details of how it will prove the charges. *United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997). Nonetheless, the Indictment includes more than enough detail to inform the Defendants of their conduct supporting the charges against them. The Indictment includes the relevant "transaction" and the relevant "institutions" for each Count. "Each Count provides the date of the transaction, the amount down to the penny, the names of the banks on each side of the transaction, and who the bank account holder was." (Filing No. 71 at 5.) This amount of detail in the Indictment coupled with the Government's discovery production, including spreadsheets and bank account information, more than sufficiently informs the Defendants of the factual basis of the charges. The Indictment tracks the language of the money laundering statute and then specifically details in each Count the specific Defendant, the date of the transaction, the name of the bank account holders, the name of each bank involved in each transaction, and the amount of each transaction.

The Defendants assert that they are not provided with a plain, concise, and definite written statement of the essential facts constituting the offenses charged because the Indictment does not include allegations of the nature of the "financial transaction" and the nature of the "financial institutions." However, as the Government pointed out, it is not required to allege in the Indictment all the details of how it will prove the charges. *Agostino*, 132 F.3d at 1191. The Defendants demand a level of detail that is not required to support the charges. The amount of detail alleged in each Count provides a plain, concise, and definite written statement of the essential facts constituting the offense charged. The Indictment provides enough detail to adequately inform the Defendants of the nature of the charges against them. Therefore, the Defendants' Motion to Dismiss Counts 14 through 22 of the Indictment is **denied**.

### III.   <u>CONCLUSION</u>

For the reasons explained above, the Court **DENIES** the Defendants' Motion to Dismiss

Counts 3, 13, and 14 through 22 of the Indictment (Filing No. 67).

**SO ORDERED.**

Date: 10/17/2017

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Andrew Frazee
BARNES & THORNBURG
david.frazee@btlaw.com

Harold Bickman
BARNES & THORNBURG
hbickham@btlaw.com

Kathleen L. Matsoukas
BARNES & THORNBURG
kmatsoukas@btlaw.com

Larry A. Mackey
BARNES & THORNBURG
larry.mackey@btlaw.com

Meredith Thornburgh White
BARNES & THORNBURG
mwhite@btlaw.com

Chou-il Lee
TAFT STETTINIUS & HOLLISTER
clee@taftlaw.com

Bradley L. Williams
ICE MILLER
williamb@icemiller.com

Jenai M. Brackett
FROST BROWN TODD
jbrackett@fbtlaw.com

Cindy Jane Cho
UNITED STATES ATTORNEY'S OFFICE
cindy.cho@usdoj.gov

Jackie M. Bennett, Jr.
TAFT STETTINIUS & HOLLISTER
jbennett@taftlaw.com

David J. Carr
ICE MILLER LLP
david.carr@icemiller.com

Stephanie Carowan Courter
ICE MILLER LLP
stephanie.courter@icemiller.com

Thomas W. Farlow
FROST BROWN TODD
tfarlow@fbtlaw.com

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov